IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VINSON HAHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-039-GKF-TLW |
| ) | |
| STACY CALHOUN; ASHLEY RICH; ) | |
| LINDSEY CALHOUN; TODD WILLIS; ) | |
| NATALIE CALHOUN; AMBER HARTLEY; ) | |
| VICTORIA LOMBARD; and ) | |
| MICKEY HAWKINS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, REQUIRING PAYMENT OF INITIAL PARTIAL FILING FEE, AND DISMISSING COMPLAINT**

On January 26, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is a state inmate, in custody at Lawton Correctional Facility ("LCF"), Lawton, OK, and appears *pro se*. As discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make an initial partial payment and, thereafter, monthly payments until the full $350 filing fee is paid. The Court further finds that the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**A.     Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted.

However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$16.30** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to prison officials at LCF.

**B. Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff seeks monetary damages from defendants who are immune from such relief. Furthermore, as discussed below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint shall be dismissed without prejudice.

Plaintiff's claims relate to his conviction entered in Tulsa County District Court, Case No. CF-2004-2919.[1] In his complaint, Plaintiff names eight (8) defendants, including seven (7) witnesses

---

[1] The docket sheet for Tulsa County District Court, Case No. CF-2004-2919, viewed at www.oscn.net, reflects that Plaintiff was convicted by a jury of two (2) counts of Indecent Proposal to Child. The jury recommended sentences of seven (7) years imprisonment and a $3,000 fine for one count, and twelve (12) years imprisonment and a $5,000 fine for the second count. The trial court sentenced Plaintiff in accordance with the jury's recommendation and ordered the sentences to be served consecutively. In Case No. F-2006-611, the Oklahoma Court of Criminal Appeals affirmed Plaintiff's convictions and sentences on direct appeal. The docket sheet for Case No. CF-

who testified against him at trial, and Tulsa County Assistant District Attorney Mickey Hawkins. Plaintiff claims that during the criminal proceedings, perjured testimony was deliberately given so that his ex-mother-in-law would be awarded full custody of his son. Based on that allegation, Plaintiff raises the following grounds for relief:

Count 1:   My constitutional rights were violated by all defendants listed by coherting [sic] together by conniving and scheming to accomplish a common goal to mislead the court's jury with their perjured, cohersed [sic] and misconstrued testimony to prosecute me.

Count 2:   My constitutional rights were violated. Stacy Calhoun threatened, used and/or persuaded the other defendants by orchestrating perjured and cohersed [sic] testimony and used their false testimony for her ultimate goal – to get full custody of my son Miles.

Count 3:   My constitutional rights were violated by the District Attorney by allowing hearsay testimony in as evidence to prosecute me at my jury trial.

(Dkt. # 1).   As relief, Plaintiff seeks "a monetary relief settlement of one million dollars for wrongful incarceration from perjured, cohersed [sic] and misconstrued testimony from all the defendants participation and involvement of this scam and a court order to place my son back with his mother, Ashley, [from] whom I'm seeking a monetary settlement of one dollar." See id.

### 1. Witnesses are entitled to immunity

Plaintiff seeks damages against defendants Stacy Calhoun, Lindsey Calhoun, Natalie Calhoun, Ashley Rich, Todd Willis, Victoria Lombard, and Amber Hartley for allegedly committing perjury and conspiring to commit perjury during his criminal trial. See Dkt. # 1. In Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court held that all witnesses enjoy absolute immunity

---

2004-2919, also reflects that Plaintiff has sought post-conviction relief. His request for post-conviction relief, however, was denied and his post-conviction appeal was dismissed. An application for a post-conviction appeal out of time is presently pending in Tulsa County District Court, Case No. CF-2004-2919.

from civil liability under § 1983 for their testimony in a prior trial. In Miller v. Glanz, 948 F.2d 1562 (10th Cir. 1991), the Tenth Circuit extended Briscoe immunity to alleged conspiracies to commit perjury. Miller, 948 F.2d at 1570 (employing functional approach to absolute immunity question and reasoning that principles underlying Briscoe immunity apply equally as forcefully to immunizing witnesses from liability for conspiracies to commit perjury); see also Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994). As noted in Hunt, nothing precludes a criminal suit against those who conspire to deliver perjured testimony, but a civil suit against a witness is barred by the holding of Miller. Hunt, 17 F.3d at 1268.

The Court finds that Plaintiff's claims for damages against defendants Stacy Calhoun, Lindsey Calhoun, Natalie Calhoun, Ashley Rich, Todd Willis, Victoria Lombard, and Amber Hartley fall squarely under Briscoe and Miller. Those claims are precluded based on the doctrine of witness immunity and, for that reason, shall be dismissed with prejudice.

**2.      Defendant Hawkins is entitled to prosecutorial immunity**

Plaintiff also complains that Defendant Hawkins, employed as an Assistant District Attorney for Tulsa County, caused him to be convicted based on the admission of hearsay evidence. See Dkt. # 1. In his requests for relief, Plaintiff asks for monetary damages from this defendant.

A state prosecutor, such as Defendant Hawkins in this case, is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting

Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).  In this case, the Court concludes that the actions of Defendant Hawkins taken in prosecuting criminal charges against Plaintiff are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process.  Imbler, 424 U.S. at 430.  Because Defendant Hawkins is entitled to absolute prosecutorial immunity from civil damages, Plaintiff's request for monetary damages shall be dismissed from this action with prejudice.

### 3. Claims against any non-immune defendant and request for injunctive relief shall be dismissed based on Heck v. Humphrey, 512 U.S. 477 (1994)

To the extent any defendant identified by Plaintiff is not entitled to immunity, Plaintiff's claims nonetheless fail to state a claim upon which relief may be granted.  "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."  Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Requests for injunctive and declaratory relief premised on allegations which necessarily imply the invalidity of ongoing incarceration are also barred under Heck.  See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)); see also Kutzner v. Montgomery County, 303 F.3d 339, 341 (5th Cir. 2002).

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his ongoing incarceration due to the criminal convictions entered in Tulsa County District Court "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.  Furthermore, Plaintiff has not shown that the convictions have been overturned or otherwise invalidated.  As a result, any claim for damages, declaratory or injunctive relief under 42

U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 4. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, he has sued immune defendants and his complaint otherwise fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$16.30**.
2. After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's requests for monetary damages against defendants Stacy Calhoun, Lindsey Calhoun, Natalie Calhoun, Ashley Rich, Todd Willis, Victoria Lombard, and Amber Hartley are **dismissed with prejudice** based on witness immunity.

4. Plaintiff's request for monetary damages against Defendant Hawkins is **dismissed with prejudice** based on prosecutorial immunity.

5. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

6. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

7. The Clerk shall send a copy of this Order to prison officials at Lawton Correctional Facility, Lawton, Oklahoma.

DATED THIS 4th day of February, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma